UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | BANKRUPTCY NO. |
| DENNIS CLIFFORD BRUCE, | ) | 24-00179C |
| | ) | |
| Debtor. | ) | |
| | ) | |
| MARY R. JENSEN, | ) | ADVERSARY NO. |
| ACTING UNITED STATES TRUSTEE | ) | |
| | ) | |
| vs. | ) | COMPLAINT TO DENY |
| | ) | DISCHARGE |
| DENNIS CLIFFORD BRUCE, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Mary R. Jensen, Acting United States Trustee for Region 12, respectfully submits the following in support of her complaint to deny Defendant's discharge pursuant to 11 U.S.C. §727(a)(2)(A), §727(a)(4)(A), §727(a)(3) and §727 (a) (5).

## JURISDICTION AND VENUE:

1. This is an Adversary Proceeding in which the United States Trustee is objecting to the discharge of Dennis Clifford Bruce in case number 24-00179C now pending in the United States Bankruptcy Court for the Northern District of Iowa.

2. The court has subject matter jurisdiction of this complaint pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §727(a), and Bankruptcy Rule 7001.

3. This is a core proceeding under 28 U.S.C. §157(b) (2) (J).

4. Venue is proper in this Court and District pursuant to 28 U.S.C. § 1409.

5. The United States Trustee ("Plaintiff" or "UST") has standing to file this complaint under 11 U.S.C. §§ 307 and 727 (c) (1).

6. The deadline to file a complaint to deny discharge was extended to July 15, 2024 and this complaint is timely filed.

## PARTIES

7. Plaintiff is the duly appointed Acting UST for the Northern District of Iowa pursuant to 28 U.S.C. §586 (a).

8. Defendant is the Debtor in Chapter 7 case No. 24-00179C pending in this court.

9. Larry S. Eide was appointed Chapter 7 Trustee ("Trustee") on March 13, 2024 (Doc. 13).

## PROCEDURAL HISTORY

10. Defendant, Dennis Clifford Bruce ("Defendant" or "Debtor") filed a chapter 7 case on March 4, 2024, including a Summary of Schedules, Schedules A/B, C, G, H, I & J ("Schedules") and the Statement of Financial Affairs ("SOFA") in this bankruptcy case (Doc 1).

11. The Debtor signed a Declaration, dated March 4, 2023, declaring under penalty of perjury that he had read the Schedules and Statement of Financial Affairs and that they were true and correct (Doc. 1, page 6 of 214).

12. Debtor testified under oath at the Section 341 meeting on April 8, 2024.

13. Debtor filed Amended SOFA and Schedule A/B on April 17, 2024 (Doc. 30) and a second Amended SOFA and Schedule A/B on April 18, 2024 (Doc. 32) as well as an Amended Summary of Assets and Liabilities (Doc. 33).

14. The Debtor signed a Declaration, dated April 18, 2023, declaring under penalty of perjury that he had read the Amended Schedules and Statement of Financial Affairs and that they were true and correct (Doc. 32, page 1 of 4).

15. The Debtor's SOFA reflects that his Ch. 7 bankruptcy filing is an individual filing and not a joint filing with his spouse, Candace Bruce.

16. The Debtor's Schedule A/B reported that he holds an interest in real estate at Eastview Ave, Marion, IA with a current market value of $483,100. The real estate is free and clear of liens because the Debtor paid off the joint mortgage in the year prior to filing. He reported payments to the mortgage holder of $116,724.58 on the Amended SOFA No. 8. (Doc. 32).

17. Debtor reported personal property on his original Schedule A/B totaling $222,235.80, which consists primarily of a 2023 leased BMW valued at $53,357, personal and household furnishings valued at $6,140 and financial assets valued at $162,738.80, most of which are in a 401K.

18. Debtor's Schedule D reports $29,858 in secured debt to BMW Financial for the 3-year lease on his 430i 2023 BMW.

19. Debtor's Schedule E/F reports $440,899 in tax obligations and $30,367,442.04 in non-priority unsecured debt.

20. Debtor's total liabilities are reported on the Summary of Assets and Liabilities as $31,108,199.04. (Doc. 33).

21. Debtor's Schedule I lists his occupation as "unemployed" and his non-filing spouse is also reported as "unemployed." Their only reported monthly income is from their unemployment compensation with a monthly income totaling $4,744 ($2,328 for Debtor and $2,416 for his non-filing spouse).

22. Debtor's Schedule J lists the Debtor's monthly expenses of $7,192.35 for a net income of -$2,448.35.

23. The Debtor's bankruptcy Schedules and Statement of Financial Affairs, and amendments thereto, all verified under penalty of perjury, contain numerous errors and omissions and his conduct has served to hinder the administration of the bankruptcy estate and minimize any funds available to creditors as set out below.

**COUNT I:   CONCEALMENT OR TRANSFER OF ASSETS:**

24. Paragraphs 1 – 23 are incorporated by this reference.

25. This is an action to deny Debtor's discharge pursuant to 11 U.S.C. §727 (a) (2) (A). 11 U.S.C. §727(a)(2)(A) requires denial of a discharge if a debtor, with the intent to hinder, delay or defraud a creditor or the case trustee, has transferred, removed, or concealed property of the debtor within one year before the date of the filing of the petition.

26. Debtor concealed assets and made undisclosed transfers in the year prior to filing bankruptcy with the intent to hinder, delay or defraud his creditors and the case Trustee. The assets that he concealed or transferred include the following:

**2019 Dodge Ram 2500 Big Horn Truck:**

27. Debtor was the sole principal and 100% owner of BDC Group, Inc., dba Building Diverse Communications Group ("BDC").   BDC filed a Ch. 11 Bankruptcy No. 23-00484 on June 13, 2023. The case voluntarily converted to a Ch. 7 on January 30, 2024.

28. BDC listed a 2019 Dodge Ram 2500 Big Horn Truck, ("Dodge Ram") VIN 3C6UR5DL4KG692889 on its original Schedule A/B filed on March 4, 2023. (Doc. 76, page 8 of 149, at 47.35 and on Schedule D.3).

29. BDC filed Amended Schedules on October 12, 2023. The Dodge Ram had been removed from its Schedules without explanation. (Doc. 235).

30. On or about October 20, 2023, eight (8) days after amending BDC's Schedules which removed the Dodge Ram vehicle from its schedules, Dennis Bruce sold the Dodge Ram for $35,000 <u>in cash</u> to a third party, Paul Turner.

31. Dennis Bruce signed the bill of sale for the 2019 Dodge Ram as the Seller on October 20, 2023 and signed the Assignment of Title to Mr. Turner on behalf of Dennis Bruce/BDC Group also on October 20, 2023.    Exhibit A.

32. The Certificate of Title listed the owners as BDC Group, Inc and Dennis Clifford Bruce.   Exhibit B.

33. On October 20, 2023 Dennis Bruce made a <u>cash</u> payment of $14,215.61 to Green State Credit Union to pay-off the loan in his name on the Dodge Ram.    Exhibit: C

34. On April 8, 2024, Trustee Eide conducted the §341 Meeting of Creditors in Debtor's individual Ch. 7 case. He questioned the Debtor about whether there were any sales of corporate property during the pendency of the Ch. 11 case. The Debtor testified that anything sold was disclosed in the bankruptcy process and that we (BDC) recorded and reported monthly statements of the daily transactions for the company.   Exhibit D §341 Transcript. Page 26.

35. When questioned by Trustee Eide about the sale of the 2019 Dodge Ram, Debtor testified that he handled the truck sale but didn't recall the sale price, whether it was by check or cash, and that he didn't think he provided a bill of sale to the buyer.

36. Debtor did not disclose that he had paid off the loan on the Dodge Ram to Green State Credit Union within one year of filing bankruptcy on SOFA No. 18.

37. When questioned by the Trustee regarding the loan on the vehicle, Debtor admitted that he paid off the loan and testified that the balance of the proceeds went to BDC.   Exhibit D §341 Transcript. Page 26-28.

38. In his June 25, 2024 response to the UST's letter of inquiry, the Debtor reported that the 2019 Dodge Ram was sold for $35,000 in cash. He claimed that he deposited the money into BDC's bank account, but that he could not provide documentation because he did not have access to BDC's records. Exhibit E.

39. BDC filed Monthly Operating Reports during the pendency of its Ch. 11 bankruptcy case, including the months of October and November, 2023. The Monthly Operating Reports do not reflect a deposit of any proceeds from the sale of the 2019 Dodge Ram.   (MOR's at Doc. 300 and 329).

40. BDC's Docket reflects that BDC did not file a Motion seeking court authority to sell the 2019 Dodge Ram 2500 Truck during the pendency of the Ch. 11, and there was no Order entered authorizing the sale of the 2019 Dodge Ram.

41. Debtor failed to disclose on SOFA No. 18 of his individual Ch. 7 or that he had sold the 2019 Dodge Ram 2500 truck, which was titled in both BDC's and his name.

42. Debtor failed to disclose on SOFA No. 18 that on or about October 20, 2023 he paid off the $14,215.61 loan balance on the Dodge Ram he had at Green State Credit Union.

43. Debtor concealed or transferred the balance of the $35,000 sale proceeds of the 2019 Dodge Ram truck, after payment of his personal loan secured by the truck, within one year of filing this case. The balance of the funds that were concealed or transferred is approximately $20,784.39. ($35,000 - $14,215.61 =$20,748.39).

**CD at Green State Credit Union:**

44. Debtor did not disclose on SOFA No. 18 that he liquidated a 24-month CD he held jointly with his spouse, Candance Bruce, at Green State Credit Union. The Credit Union issued a Certified Check in the amount of $21,191.82 to Dennis C. Bruce on January 8, 2024.   Exhibit F.

45. The disposition of the proceeds of the liquidated CD have not been accounted for by Debtor in his bankruptcy filings.

**Pontoon Boat**:

46. On or about June 5, 2023, Debtor sold his 2017 Pontoon Boat, but did not disclose the sale on SOFA No. 18. The boat was titled in his name. The proceeds of the sale of the Pontoon boat have not been accounted for in the Ch. 7 bankruptcy case. Exhibit G.

**2018 Jeep Wrangler:**

47. The Debtor sold a 2018 Jeep Wrangler in January, 2024. The sale was not disclosed in the SOFA, specifically (SOFA No.18 or SOFA No. 8). When questioned about the sale of the Jeep Wrangler at the §341 meeting by the Trustee, Debtor initially testified that the vehicle was titled in his name. After disclosing that he split the proceeds of the sale with his spouse, the Trustee asked whether the Jeep was jointly owned. Debtor responded "yes." Exhibit D, page 13-14.

48. Debtor Amended his SOFA No. 8 (transfers that benefitted an Insider) after the §341 Meeting of Creditors. The Amendment disclosed that his spouse received half of the $32,500 proceeds of the sale of the Jeep, or $16,250. The Jeep was not jointly titled, so the spouse was not entitled to any of the proceeds of the sale.

49. Debtor's statement on SOFA 8 implies that his wife was entitled to half of the 2108 Jeep Wrangler, which is an inaccurate and misleading statement. See entry below:

| Candace Bruce | 01-03-24 | $16,250.00 | $0.00 | Her half of 2018 Jeep Wrangler sale. |

**Robinhood Account:**

50. Debtor reported on SOFA No. 8 (transfers that benefitted an insider) that he closed out a <u>jointly owned</u> Robinhood brokerage account and distributed his spouse's interest to her. The Robinhood account was not a joint account and therefore, his spouse was not entitled to the $23,754 he transferred to her. Debtor's statement on SOFA 8 implies that his wife was entitled to half of Robinhood Account, which is an inaccurate and misleading statement. See entry below:

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|
| Candace Bruce<br>565 Eastview Ave<br>Marion, IA 52302 | 11-10-23 | $23,754.00 | $0.00 | Closed out jointly owned Robinhood brokerage account and distributed her interest to spouse. |

**Home Mortgage Pay-Off:**

51. Debtor disclosed on his original SOFA No. 8 that he paid $60,000 to pay off the joint mortgage on his jointly owned homestead. He filed Amended Schedules on April 17, 2024 (Doc 30) to disclose the additional mortgage payments he made on December 19, 2023 and January 24, 2024 of $50,000 and $6,724 respectively that were "inadvertently" left off the initial filing. (Part 3: No. 6). The amendment was filed after the §341 meeting was conducted, and the Trustee questioned the Debtor about the payments to IBMC, the mortgage company, which were reflected on Debtor's bank statements.

52. Debtor's Amended SOFA No. 6 (*List Certain Payments You Made Before You Filed for Bankruptcy*) reported the following payments to his home mortgage lender, IBMC, which paid off the mortgage in full. The source(s) of the funds to pay off the mortgage were not disclosed:

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| IBMC | 12-20-23 | $25,000.00 | $0.00 | ■ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |
| IBMC | 01-10-24 | $35,000.00 | $0.00 | ■ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |
| IBMC | 12-19-23 | $50,000.00 | $0.00 | ■ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |
| IBMC | 01-24-24 | $6,724.58 | $0.00 | ■ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |

53. Debtor Amended SOFA No. 8: (payments that benefited and Insider) on April 17, 2024 (Doc. 30) to reflect the $116,724.58 payment to the mortgage holder, which benefitted Debtor's non-filing spouse as follows:

| | | | | |
|---|---|---|---|---|
| Candace Bruce<br>565 Eastview Ave<br>Marion, IA 52302 | 12-19-23 +<br>12-20-23 +<br>01-10-24 +<br>01-24-24 | $116,724.58 | $0.00 | Paid off joint mortgage on homestead. |

9

**Conduit Direct, LLC:**

54.  Debtor failed to disclose his ownership interest in Conduit Direct, LLC on his original Ch. 7 Schedule A/B (Doc. 1, page 24 of 214, question 19). His interest was also not disclosed on SOFA No. 27 on his original schedules.

55.  On April 8, 2024, the Ch. 7 Trustee questioned the Debtor at the §341 Meeting of Creditors regarding whether he held an ownership interest in any other partnerships, limited liability companies, joint ventures or corporations. The Debtor denied having any such interests.

56. Debtor filed Amended Schedules and SOFA on May 17, 2024 (Doc. 30) which included a disclosure on Schedule A/B that he held a 19% interest in Conduit Direct, LLC on the date of filing and valued his interest as $0.00.

57.  The Amended SOFA was not filed until after the Ch. 7 Trustee questioned Debtor at the §341 Meeting of Creditors regarding whether he held an interest in any other partnerships, limited liability companies, joint ventures or corporations.

58.  Debtor failed to disclose on the Statement of Financial Affairs No. 18, that he transferred $125,000 to Conduit Direct, LLC within one year of filing his Ch. 7 as investment in that company.

59. Debtor also made post-petition contributions to Conduit Direct, LLC of at least $10,000 shortly after filing his Ch. 7.

60.  Debtor reported on SOFA No. 4 that the sources of his income in 2024, to the date of filing, was $15,897. He reported cash on hand of $179 on Schedule A/B 16, and deposits of money of $337.74. He also listed a 401K and an IRA.

61. In his June 25, 2024 response to the UST's letter of inquiry, Debtor reported that he made a $110,000 payment to Conduit Direct on March 27, 2023 and a second payment "on an unknown date in 2023" of $15,000. Exhibit E.

62. Debtor's Amended Schedule A/B, which reports that his interest in Conduit Direct is worth $0, is misleading and is not consistent with his post-petition investment into the company.

63. On information and belief, Debtor is currently operating Innovative Principle Solutions, LLC and was connected to that company when he filed his personal Ch. 7 on March 4, 2024. He did not list his interest in Innovative Principle Solutions, LLC on Schedule A/B or SOFA 27.

64. Debtor's 24-year-old daughter, Kaylee Bruce, formed Innovative Principle Solutions, LLC, and registered it with the Iowa Secretary of State on January 22, 2024, shortly before BDC Group, Inc voluntarily converted to a Ch. 7.

65. The LLC registered the fictitious name, Building Diverse Communications Group with the Iowa Secretary of State on January 23, 2024.

66. Debtor was the sole principle of BDC Group, Inc, which used the same dba, Building Diverse Communications Group, when it was operating.

67. Innovative Principal Solutions, LLC operates the same business that BDC Group, Inc. did before it was converted to a Ch. 7 case. It offers OSP Fiber Construction, Telecom Site Development and On-Demand electrical and maintenance services.

68. The website for the new company, IPSolutions-USA.com provides a single contact number to reach the company. The contact number is Dennis Bruce's personal cell phone.

69. The website is nearly identical to BDC Group, Inc's website and purports to a have a Team with years of industry experience.

70. Debtor is using the following email: Bdcgroup75@gmail.com. His previous email address was dennis@bdcgroupinc.com. The 75 in Debtor's new email is his year of birth.

71. Debtor did not disclose his connection with Innovative Principle Solutions, LLC and did not disclose income or distributions he received from the company, if any, in his Schedules or SOFA.

72. Innovative Principle Solutions, LLC was granted a $483,972 contract with the Johnson Space Center in Texas (NASA), with the project start date in May, 2024.

73. NASA was one of BDC Group, Inc's customers when it was operating.

74. On information and belief, Kaylee Bruce was not qualified to quote a contract price to NASA and is not qualified to operate the company.

75. Debtor drove a company vehicle when BDC Group, Inc was operating. It was a GMC Denali. That vehicle was abandoned by the Trustee at Mr. Bruce's request. It is now owned by Innovative Principal Solutions, LLC.

76. It appears that Dennis Bruce is operating Innovative Principle Solutions and used his daughter as a strawman to form this new company to conceal his interest in the company from his creditors and the case trustee.

**Personal Loan to BDC Group, Inc**:

77. Debtor did not disclose that he made a loan to BDC Group, Inc in December, 2022, which was within 2 years of filing bankruptcy in either his original or Amended SOFA No. 18.

## COUNT II: FALSE OATH AND ACCOUNT:

78. Paragraphs 1 –77 of this complaint is hereby incorporated by reference.

79. This is an action objecting to the discharge of the Debtor pursuant to 11 U.S.C. § 727 (a) (4) (A).

80. 11 U.S.C. § 727 (a) (4) (A) provides:

>  (a) The court shall grant the debtor a discharge, unless –
>   (4) The debtor knowingly and fraudulently, in or in connection with the case –
>    (A) Made a false oath or account.

**False Oaths on the Statement of Financial Affairs:**

81. Debtor knowingly and fraudulently made false oaths in his in his original and amended SOFA, including but not limited to, the following:

A. Debtor did not disclose in his original SOFA 18 that he sold a 2018 Jeep Wrangler within one year of filing bankruptcy.

B. Debtor did not disclose in his original SOFA No. 18 or SOFA No 8, that he transferred half the proceeds of the sale of the 2018 Jeep Wrangler to his non-filing spouse.

C. Debtor made false or misleading statements when he amended SOFA No. 8 to list the sale of the 2018 Jeep Wrangler and implied that his wife was entitled to half the proceeds.

D. Debtor made a false oath when he verified the accuracy of the SOFA but did not disclose that on October 20, 2023, he sold a 2019 Dodge Ram that was jointly titled in his and BDC's name for $35,000.

E.  Debtor made a false oath when he verified the accuracy of his SOFA and did not disclose that he paid off the $14,215.61 loan on the 2018 Dodge Ram to Green State Credit Union on October 20, 2023.

F.  Debtor made a false oath when he verified the accuracy of his original and Amended SOFA and did not disclose that he sold his 2017 Pontoon Boat in June, 2023.

G.  Debtor made a false oath in his original SOFA when he failed to disclose that he transferred $125,000 to Conduit Direct, LLC as an investment within one year of filing bankruptcy.

H.  Debtor made a false oath in his original SOFA No. 27 when he failed to disclose that he held a 19% interest in Conduit Direct, LLC.

I.  Debtor made a false oath in his original SOFA when he reported that the Robinhood account was a jointly held asset with his spouse, when it was in his name alone.

**False Oaths at Debtor's 341 Meeting:**

82.  Debtor made false statements under oath when questioned at his 341-meeting conducted on April 8, 2024, as follows:

A.  When he testified that his schedules and statement of financial affairs were true and accurate when he signed them.

B.  When he testified that he had made a complete listing of his property and debts, despite not disclosing his 19% interest in Conduit Direct, LLC in his original SOFA and Schedules A/B.

C.  When he testified that he had made a complete listing of his transfers despite not disclosing his $125,000 transfer of investment funds to Conduit Direct, LLC within one year of filing.

D. When he testified that the 2018 Jeep Wrangler, which he had sold in January, 2024, was jointly owned with his spouse to justify splitting the sale proceeds with her.

E. When he testified that he has made a complete listing of his transfers he made within two years of filing bankruptcy despite having made undisclosed transfers including the sale of the 2019 Dodge Ram truck held jointly with BDC Group, Inc: the payoff of his loan obligation on that Dodge Ram at Green State Credit Union and the disposition of the remaining proceeds of the Dodge Ram sale.

F. When he testified that he made a complete listing of his transfers but did not disclose the liquidation of the jointly owned CD at Green State Credit Union and did not disclose the sale of his Pontoon boat in June, 20203.

**False Oaths on Schedules A/B:**

83. Debtor knowingly and fraudulently made false oaths and account in his original and amended A/B Schedules as follows:

A. When he failed to disclose his 19% ownership interest in Conduit Direct, LLC on the date of filing.

B. Debtor made a false oath and account when he did not disclose his connection to a newly formed company, Innovative Principle Solutions, LLC, dba Building Diverse Communication Group.

## FAILURE TO KEEP OR PROVIDE BOOKS AND RECORDS

84. This is an action objecting to the discharge of the Debtor pursuant to 11 U.S.C. § 727 (a) (3).

85. Paragraphs 1 –84 of this complaint is hereby incorporated by reference

86. 11 U.S.C. § 727 (a) (3) provides:

(a) The court shall grant the debtor a discharge, unless –

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act or failure to act was justified under all the circumstances of the case.

87. The debtor has failed to provide the undersigned AUST with requested financial documentation, including but not limited to the following:

- A copy of the personal Financial Statements he gave Keystone Saving Bank in 2022,
- A copy of the personal financial statement he gave F&M Bank,
- A copy of Debtor's homeowners' policy declaration sheet and attached personal property schedules for 2022 and 2023,
- A copy of 2022 and 2023 vehicle insurance policies,
- a copy of the application for the lease on the BMW,
- A copy of deposit slips with supporting documentation and copies of checks, front and back, from Debtor's financial accounts between March, 2023 and March 2024.

**FAILURE TO EXPLAIN THE LOSS OF ASSETS**:

88. Paragraphs 1 –87 of this complaint is hereby incorporated by reference.

89. This is an action objecting to the discharge of the Debtor pursuant to 11 U.S.C. § 727 (a) (5).

90. 11 U.S.C. § 727 (a) (5) provides:

    (a)    The court shall grant the debtor a discharge, unless –

        (5)  the debtor has failed to explain satisfactorily, before determination of denial of discharge, under this paragraph, and loss of assets or deficiency of assets to meet the Debtor's liabilities.

91. Debtor has not explained the loss or deficiency of assets to meet his liabilities, including but not limited to, the disposition of the proceeds from the sale of his pontoon boat in June, 2023 and the proceeds of the sale of the 2019 Dodge Ram Truck that was sold in October, 2023.

92. The U. S. Trustee has set out the provisions of 11 U.S.C. §727 which the Debtor is believed to have violated based on the evidence currently available. If discovery in this case reveals additional relevant information, the U.S. Trustee specifically reserves the right to seek to amend this Complaint, in accordance with the Federal Rules of Civil Procedure, Rule 15, made applicable to this complaint via Federal Rule of Bankruptcy Procedure, Rule 7015.

WHEREFORE, for the reasons stated, the U.S. Trustee requests the Court enter an Order and Judgment denying the Debtor's discharge under 11 U.S.C. §727(a)(2)(A), and §727(a)(4)(A), §727 (a)(3) and §727 (a)(5) and for such other relief the Court deems appropriate.

DATED this 15th day of July, 2024.

Respectfully submitted,

Mary R. Jensen
Acting United States Trustee
Region 12

By: /s/Janet G. Reasoner
    Janet G. Reasoner
     Assistant U.S. Trustee
    U.S. Courthouse
    111 7th Ave SE, Box 17
    Cedar Rapids, IA 52401
    (319)/ 364-2211 fax 364-7370

## CERTIFICATE OF SERVICE

The undersigned certifies that copies of this document were served on the parties listed below by electronic mail or first-class mail, postage prepaid, on July 15, 2024.

   Dennis Clifford Bruce
   565 Eastview Ave
   Marion, IA 52302

   Parties receiving notice vis CMECF

                                        /s/ Jennifer L. Cline
                                          Jennifer L. Cline
                                          Paralegal Specialist